***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted February 3, affirmed March 22, 2023

Vyron Henry GREEN,
*Plaintiff-Appellant,*

*v.*

Nathan LOWE,
Collette Peters, and
Timothy Davis,
*Defendants-Respondents,*

*and*

JOHN AND JANE DOES et al,
*Defendants.*

Marion County Circuit Court
21CV19825; A178632

Sean E. Armstrong, Judge.

Vyron Henry Green filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for the respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Plaintiff was an adult in the custody of defendant, the Oregon Department of Corrections (ODOC). After ODOC seized and then destroyed a set of platinum false teeth found in plaintiff's possession, plaintiff sued ODOC for conversion and negligence. The trial court granted ODOC's motion for summary judgment. Because we conclude that the trial court correctly granted defendant's motion, we affirm.

By rule, ODOC has listed the only personal property items that an inmate may possess. OAR 291-117-0080(1). The list includes two jewelry items: a certain type of wedding ring (for inmates who are married) and a certain type of watch. OAR 291-117-0080(1)(f).

Here, ODOC officials observed plaintiff with platinum teeth, also known as a "grill," which is a type of mouth jewelry that is not on the list of authorized personal property items. An officer investigated and concluded that the teeth were contraband. *See* OAR 291-117-0008(2) ("contraband" includes "[a]ny article or thing *** which [an] inmate is not specifically authorized to obtain or possess"). The investigating officer confiscated the teeth, prepared a misconduct report, and the teeth were subsequently destroyed.

As noted, plaintiff then sued ODOC for conversion and negligence.[1] ODOC moved for summary judgment, arguing that plaintiff's conversion claim failed because he had failed to show that he had actual ownership in the teeth and the right to control them and that his negligence claim failed because he failed to show that he had a legally protected interest in the teeth. *See Western Radio Services Co. v. Verizon Wireless, LLC*, 297 Or App 446, 451, 442 P3d 218, *rev den*, 365 Or 534 (2019) (requiring an "actual ownership interest in and the right to control" property for a conversion claim); *Fazzolari v. Portland School Dist. No.1J*, 303 Or 1, 17, 734 P2d 1326 (1987) (requiring a protected interest for a negligence claim). The trial court granted ODOC's motion. Plaintiff now appeals.

---

[1] He also asserted a claim for violation of the Vulnerable Persons Act, ORS 124.100 - 124.140. The trial court granted ODOC's motion for summary judgment on that claim, and plaintiff has not assigned error to that ruling on appeal.

On appeal, plaintiff's argument focuses on OAR 291-117-0140(5). That rule provides:

> "Inmate personal property items that have been confiscated and held by the department as evidence in a disciplinary investigation shall be returned to the inmate upon conclusion of the investigation and any subsequent disciplinary hearing/case, if the inmate is found not to have violated the rules of prohibited inmate conduct, and the property item(s) is not classified as contraband."

*Id.*

As we understand plaintiff's argument, he asserts that because ODOC took his teeth as evidence in a disciplinary investigation, ODOC was obligated to return the teeth upon the conclusion of that investigation and any subsequent disciplinary hearing unless that hearing determined that he had violated a rule of conduct and that the teeth were contraband. In plaintiff's view, because there was no hearing that resulted in findings that he violated the rules of prohibited conduct and that the teeth were contraband, the trial court erred in granting ODOC's summary judgment motion. Plaintiff does not dispute that the investigating officer determined that the teeth were contraband and does not contend that that determination was wrong; rather, he simply argues that ODOC was required to return the teeth to him in the absence of a hearing confirming the officer's determination.

As ODOC observes, although plaintiff does not connect that argument to how the trial court incorrectly granted summary judgment on his claims, the import of his arguments appears to be that if ODOC did not follow its rules in concluding that the teeth were contraband, then plaintiff did not lose his ownership interest in the teeth or his right to control them, as relevant to his conversion claim, or his legally protected interest in the teeth, as relevant to his negligence claim.

Accepting that framing, we conclude that the trial court correctly granted ODOC's motion for summary judgment. At the outset, we note plaintiff's argument on appeal is very narrow. He argues *only* that, under OAR 291-117-0140(5), ODOC was required to return the teeth to plaintiff.

He does not argue that due process, other ODOC rules, or any other source of law required ODOC to engage in a different process for declaring the teeth contraband, confiscating them, or destroying them. But OAR 291-117-0140(5) does not, as plaintiff contends, require a hearing to determine whether he violated the rules of prohibited conduct and whether the teeth were contraband before ODOC could retain and subsequently destroy the teeth. Rather, the rule allows for a hearing—"*any* subsequent disciplinary hearing"—but it does not require one.[2] The rule simply requires property to be returned at the conclusion of an investigation if two conditions are met: (1) the adult in custody is not found to have violated the rules of prohibited conduct and (2) the property is not classified as contraband. The officer's investigation here concluded that the teeth were contraband, and thus the rule does not require that they be returned.[3]

Based on the arguments that plaintiff has presented, no genuine issue of material fact existed whether plaintiff had an ownership interest or protected interest in the teeth. The trial court thus correctly granted ODOC's motion for summary judgment.

Affirmed.

---

[2] We are aware of no ODOC rule that establishes a process by which ODOC determines whether an item constitutes contraband and confiscates it. Some of its rules do suggest that ODOC may conclude that items are contraband and confiscate them without the concomitant requirement of a hearing or other formal determination that the item is indeed contraband. OAR 291-117-0120(1) (personal property kept in unauthorized areas "shall be considered contraband" and "shall result in confiscation of the item and/or disciplinary action"); OAR 291-117-0140(2)(a) (excess property that is not mailed out or discarded "shall be considered contraband, and may result in confiscation of the item(s) and/or disciplinary action").

[3] The issue presented to us on appeal does not require us to address the propriety of ODOC's destruction of the contraband after they confiscated it and we offer no opinion as to that action.